UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                                              Plaintiff,

v.                                                                                Criminal Action No. 3:22-cr-88-DJH

PHIL PASCOE et al.,                                                                                    Defendant.

\* \* \* \* \*

# ORDER

Defendants jointly filed seven motions on December 18, 2023 (Docket No. 86; D.N. 87; D.N. 88; D.N. 89; D.N. 90; D.N. 91; D.N. 93), including three motions to strike or dismiss allegations in the indictment.[1] (D.N. 86; D.N. 88; D.N. 89) The United States on December 22, 2023, moved for a continuance of the February 5, 2024 trial and an extension of time to respond to the motions. (D.N. 96) Defendants oppose the motion in a response unnecessarily filed on Christmas Day, and with rhetorical flourish referencing the holiday. (D.N. 97)

At the outset, the Court notes that the defendants previously requested and received a continuance in this matter and that the matter has been declared complex for purposes of the Speedy Trial Act. (D.N. 26; D.N. 28) After careful consideration and for the reasons set forth below, the Court will grant the government's motion.

# I.

Under the Speedy Trial Act, the Court may grant a continuance if it finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). This finding may be based on factors including whether

---

[1] Defendant Monica Pascoe additionally moved to dismiss two counts of the second superseding indictment on December 18, 2023. (D.N. 85)

1

failure to grant a continuance would make the "continuation of such proceeding impossible, or result in a miscarriage of justice," whether the case is unusual or complex, and whether failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B). "Notably, the list of enumerated factors is not exhaustive." *United States v. White*, 920 F.3d 1109, 1115 (6th Cir. 2019). The Sixth Circuit has recognized "the broad discretion granted to the district court to comply with the Mandates of the Speedy Trial Act." *United States v. Cianciola*, 920 F.2d 1295, 1301 (6th Cir. 1990). A court's "ends of justice" finding may, for instance, be based on the time required for the court to consider any motions filed by the defendants. *See United States v. White*, 920 F.3d 1109, 1117 (6th Cir. 2019) (citing *United States v. Anderson*, 695 F.3d 390, 397 (6th Cir. 2012)). Moreover, the Speedy Trial Act automatically excludes any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(D), as well as any "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." § 3161(h)(1)(H). "[T]he time between the filing of [defendant's] motion and the conclusion of the hearing is automatically excluded." *Greenup v. United States*, 401 F.3d 758, 766 (6th Cir. 2005). Nor is the exclusion "limited by any 'reasonableness' requirement." *United States v. Pelfrey*, 822 F.2d 628, 633 (6th Cir. 1987).

## II.

Although the December 18, 2023 motions were timely, they were filed on the last day permitted by the pretrial schedule adopted on May 12, 2023. (D.N. 37, PageID.128) The motions span some 636 pages of the docket and ask the Court to define the scope of several federal statutes

and regulatory provisions, as well as exclude anticipated evidence and testimony. Specifically, the motions request that the Court: (1) define the scope of 18 U.S.C. § 554 to exclude emails (D.N. 86, PageID.622-23), (2) find that four search warrants were not supported by probable cause and suppress "any ITAR-related evidence obtained from these searches" (D.N. 87, PageID.636), (3) rule that "section 38 of the Arms Export Control Act (AECA), 22 U.S.C. § 2778, as implemented through the International Traffic in Arms Regulations (ITAR), 22 C.F.R. §§ 120–130" is "unconstitutionally vague" (D.N. 88, PageID.989), (4) "exclude the State Department's Commodity Jurisdiction Determinations (CJDs) as . . . inadmissible lay opinion testimony of State Department officials" (D.N. 90, PageID.1015), (5) exclude magnetization from the scope of the Specialty Metals Clause of the Defense Acquisition Regulations System and thus "strike all allegations relating to magnetization and country of origin" (D.N. 89, PageID.1006), (6) exclude expert testimony that Quadrant Magnetics' magnets and schematics "are 'specially designed' or otherwise fall within the U.S. Munitions List (USML) and are thus controlled by the Arms Export Control Act" (D.N. 91, PageID.1039), and (7) exclude other expert testimony regarding Quadrant's magnets. (D.N. 93)

In opposition to the government's motion to continue, the defense argues that "the government's unstated premise is that it has failed to think through its case and seeks a do-over." (D.N. 97, PageID.1291) But the Court is not persuaded. The range and scope of the defendants' motions could not easily have been anticipated by the United States and the motion to continue does not reflect a lack of diligent preparation on the government's part.

Moreover, the defendants have requested oral argument on each motion. (D.N. 86, PageID.631; D.N. 87, PageID.646; D.N.88, PageID.1002; D.N. 89, PageID.1011; D.N. 90, PageID.1025; D.N. 91, PageID.1052; D.N. 93, PageID.1095) Given the complexities of the case

and the pretrial motions, the Court finds that the ends of justice served by granting a modest continuance outweigh the interests of the public and the defendant in a speedy trial. *See* § 3161(h)(7)(A). This finding is bolstered by the automatic exclusion for purposes of the Speedy Trial Act of all time between the filing of the motions on December 18 and the conclusion of any hearings or other resolution of the motions. *See* § 3161(h)(1)(D), (H); *see also Greenup*, 401 F.3d at 766; *Pelfrey*, 822 F.2d at 633.

### III.

Requiring the parties to prepare for a February 5, 2024 trial while simultaneously briefing seven substantive motions and conducting oral argument may result in a miscarriage of justice and would likely deny counsel for both sides the reasonable time necessary for effective trial preparation. *See* § 1361(h)(7)(B). Were the court to deny the motion, the defendants' reply briefs would be due on January 16, 2024, giving the Court roughly two weeks in which to hold oral argument and decide the motions in advance of the February 5 trial date. Defendants were no doubt aware of this time constraint when they filed all seven motions on the last day of the pretrial schedule. Finally, the Court does not grant the motion as a "Christmas present" for the United States, as the defendants irreverently suggest, but out of necessity. The Court will grant a modest continuance to enable the parties and the Court to adequately address the defendants' extensive motions.


and the pretrial motions, the Court finds that the ends of justice served by granting a modest continuance outweigh the interests of the public and the defendant in a speedy trial. *See* § 3161(h)(7)(A). This finding is bolstered by the automatic exclusion for purposes of the Speedy Trial Act of all time between the filing of the motions on December 18 and the conclusion of any hearings or other resolution of the motions. *See* § 3161(h)(1)(D), (H); *see also Greenup*, 401 F.3d at 766; *Pelfrey*, 822 F.2d at 633.

### III.

Requiring the parties to prepare for a February 5, 2024 trial while simultaneously briefing seven substantive motions and conducting oral argument may result in a miscarriage of justice and would likely deny counsel for both sides the reasonable time necessary for effective trial preparation. *See* § 1361(h)(7)(B). Were the court to deny the motion, the defendants' reply briefs would be due on January 16, 2024, giving the Court roughly two weeks in which to hold oral argument and decide the motions in advance of the February 5 trial date. Defendants were no doubt aware of this time constraint when they filed all seven motions on the last day of the pretrial schedule. Finally, the Court does not grant the motion as a "Christmas present" for the United States, as the defendants irreverently suggest, but out of necessity. The Court will grant a modest continuance to enable the parties and the Court to adequately address the defendants' extensive motions.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     The United States' motion to continue the trial date and for extension of time to respond to defendants' motions is **GRANTED**.

(2)     The trial of this matter, currently set for February 5, 2024, is **REMANDED** from the Court's docket and **RESET** for trial by jury on **April 1, 2024, at 9:00 a.m.** at the U.S. Courthouse in Louisville, Kentucky. All counsel shall be present in the courtroom by **8:30 a.m.** The expected length of trial is ten days. A final pretrial conference will be set by subsequent Order.

(3)     The United States shall respond to the pretrial motions filed on December 18, 2023 (D.N. 85; D.N. 86; D.N. 87; D.N. 88; D.N. 89; D.N. 90; D.N. 91; D.N. 93), no later than **January 26, 2024**. Defendants shall file their replies within 14 days of service of the United States' responses. *See* LCrR 47.1. Once briefing is complete, the Court will consider the necessity of oral argument as requested by the defendants.

(4)     The Court previously declared this matter complex for purposes of the Speedy Trial Act, § 3161(h)(7)(B)(ii). (D.N. 28, PageID.104)

(5)     In light of the recently filed motions (D.N. 86; D.N. 87; D.N. 88; D.N. 89; D.N. 90; D.N. 91; D.N. 93) and pursuant to 18 U.S.C. § 3161(c)(2), (h)(1)(D), (h)(1)(H), (h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from December 28, 2023, to April 1, 2024, is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court further finds that the ends of justice served by this delay outweigh the best interests of the public and the defendant in a speedy trial because the rushed resolution of defendants' motions on the eve of trial would result in a miscarriage of justice and deny counsel for both sides the reasonable time for effective preparation,

taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(i); § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006); *White*, 920 F.3d at 1117. This delay is not due to "general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

    (6)    **No later than 5 weeks prior to trial**, each party shall file the following:

        (a)    A trial memorandum containing

            (i)    The statute(s) involved and elements of the offense(s) (with discussion of authorities, if disputed).

            (ii)    A statement of undisputed and disputed facts.

            (iii)    A separate statement of each unresolved substantive issue of law, with discussion and citations to authorities.

            (iv)    A statement of evidentiary issues it is reasonably believed will be raised at trial, together with citations to the appropriate Federal Rules of Evidence and authorities in support of the position taken.

            (v)    A statement of any known or reasonably anticipated potential trial problems, or other issues that may assist the Court in trying the case.

        (b)    Proposed substantive and special jury instructions with citations to authorities. It is not necessary to submit standard general instructions. Additional requests at trial are to be kept to a minimum.

        (c)    Proposed voir dire questions.

        (d)    A brief proposed statement of the case suitable for reading to the jury pool at the start of voir dire.

    Counsel shall file an exhibit list and premark for identification purposes all exhibits intended to be used at trial. Counsel shall file a stipulation as to the authenticity of the exhibits. Any objections to the authenticity of the exhibits shall be heard prior to trial at a time and place to be set by the Court.

    The United States shall submit, for the Court's *in camera* review, a proposed witness list with a brief summary of the expected testimony of each witness and an estimate as to the amount of time that will be required to present the testimony in chief of

each witness. The witness list shall be submitted via e-mail to **chambers_judgehale@kywd.uscourts.gov**.

At the commencement of trial, the United States shall furnish the official court reporter a list of premarked exhibits intended to be used at trial.

The United States shall retain possession of physical exhibits (e.g., weapons, ammunition, drugs, etc.) during and after the trial, pending further orders of the Court.

(7) Any **motions in limine** shall be filed **no later than 4 weeks prior to trial**. **Responses** shall be filed **no later than 3 weeks prior to trial**. There shall be **no replies**.

(8) All motions, responses, and replies made pursuant to this Order shall be accompanied by a memorandum and shall conform to and are subject to the requirements and time limitations contained in Local Criminal Rule 12.1, except as otherwise provided herein.

(9) This Order extends no other deadlines that have already passed, and which may be extended only upon a showing of good cause.

December 28, 2023

David J. Hale, Judge
United States District Court

cc: Jury Administrator